**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 2:24-cr-00175**

**ISRAEL CHAIRES-VILLA**

## EMERGENCY MOTION TO CORRECT SENTENCING ERROR AND RESENTENCE THE DEFENDANT[1]

The Defendant, Israel Chaires-Villa, by counsel, Assistant Federal Public Defender Christopher W. Maidona, moves this court, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to correct a clerical error in the calculation of the applicable guideline range and thereby hold a hearing for purposes of resentencing. Specifically, the error occurred in subtracting the mitigating role reduction outlined in § 3B1.2, from the offense level of 38, before applying the role cap provided for in § 2D1.1(a)(5). In support of this motion, Mr. Chaires-Villa states as follows:

1. Federal Rule of Criminal Procedure 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from the arithmetical, technical, or other clear error."

2. At the sentencing hearing held on November 20, 2025, the Presentence Report set the base offense level of 38 relying on the quantity of drugs involved in the

[1] Mr. Chaires-Villa has 14 days from the sentencing date to seek relief pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Scheduling a sentencing hearing within 14 days of November 20, 2025, is urgent for this court to maintain jurisdiction and adequately ensure Mr. Chaires-Villa's appellate rights are properly preserved.

offense.

3. The Court determined that a four-level mitigating role reduction, as outlined in § 3B1.2(a) of the sentencing guidelines, would be applicable in the matter.

4. However, when calculating the applicable offense level, the court applied the four-point mitigating role reduction before applying the role-cap provision as contained in § 2D1.1(a)(5).

5. Under the Sentencing Guidelines, Chapter 2 calculations must be completed first before applying Chapter 3 adjustments. *See* U.S.S.G. § 1B1.1, Application Instructions.

6. In determining the base offense level in this matter, a "role cap" is embedded in § 2D1.1(a)(5). This provision specifically limits the base offense level *before* calculating further adjustments; this includes the calculation for a mitigating-role adjustment under § 3B1.2.

7. Only after applying the "role cap" are any point reductions outlined in § 3B1.2 then applied to the calculation. *See* U.S.S.G. § 1B1.1.

8. Here, applying the mitigating role reduction in the calculation before the "role cap" directly affects the defendant's applicable guideline range.

9. At the sentencing hearing, the four point mitigating role reduction was subtracted from a base offense level of 38, resulting in a 34. Then, the role cap was applied further reducing the offense level to a 30. After all the other reductions that followed, this resulted in an adjusted offense level of 23 paired with a criminal history category of I, which yielded an applicable guideline range of 46-57 months. However, applying the "role cap" first—consistent with the application instructions outlined in

§ 1B1.1—would result in a base offense level of 30 pursuant to § 2D1.1(a)(5). Applying the subsequent four-point mitigating role reduction, two-point reduction for zero-point offender, two-point reduction for safety valve, and three-point reduction for acceptance or responsibility produces an adjusted offense level of 19. That, paired with a criminal history category of I, correctly yields an applicable guideline range of 30-37 months.

10. Because the role cap was applied after the four-point mitigating role reduction in chapter 3, the guideline range applied and considered at sentencing remains higher than the correctly calculated guideline range. This is exactly the "arithmetical, technical, or other clear error" that rule 35 contemplates.

WHEREFORE, Mr. Chaires-Villa respectfully requests that this Court grant this motion and thereby hold a hearing for purposes of recalculating the applicable guideline range and for resentencing.

Date: November 21, 2025.

Respectfully submitted,

**ISRAEL CHAIRES-VILLA**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/Christopher W. Maidona**
Christopher W. Maidona, WV Bar No. 13439
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, WV 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: Chris_Maidona@fd.org